UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

      v.                              Case No. 13-cv-539-SM
                                          Opinion No. 2014 DNH 019

Hillsborough County Department of
Corrections, Superintendent, et al.[1]

## O R D E R

Before the court is John Griffin's complaint (doc. no. 1),
and complaint addenda (doc. nos. 7, 11, and 13). Griffin is a
pretrial detainee at the Hillsborough County House of Corrections
("HCHC"), awaiting trial in a state criminal matter. Griffin
alleges that defendants have denied him constitutionally adequate
medical care for persistent swelling in his right knee and for
recurrent kidney stone attacks. In the complaint and in a
complaint addendum (doc. nos. 1 and 13), Griffin has requested
preliminary injunctive relief with respect to both conditions.

The complaint is before the court for preliminary review
pursuant to 28 U.S.C. § 1915A, to determine if plaintiff has
stated any claim upon which relief can be granted. The requests

---

[1]     Plaintiff names the following defendants:  Hillsborough
County Department of Corrections ("HCDC") Superintendent David
Dionne, HCDC Health Services Administrator Nurse Denise Ryan, Dr.
Matthew Masewic, Hillsborough County, and Omni Health Care Co.

for preliminary injunctive relief, set forth in the pleadings,
are before the court to determine if further proceedings are
necessary.

## Background

Since Griffin's arrival at the HCHC in September 2013, he
alleges he has suffered three kidney stone attacks, most recently
on January 16, 2014.  The most recent attack, Griffin alleges,
caused agonizing, intense pain, and also involved nausea,
vomiting, chills, fever, blocked urinary output, and blood in
Griffin's urine when he passed the stone eight hours later.
Griffin further asserts that the failure to provide him with
treatment for the January 16 kidney stone attack, other than a
small cup of Advil and Tylenol (which he vomited up), for the
eight-hour duration of the attack, caused him to suffer
excruciating pain unnecessarily, and put him at a heightened risk
of a urinary tract infection.

Griffin alleges that he has a history of right knee
swelling, and that the problem has recurred and persisted at the
HCHC, without adequate treatment, since October 2013.  Griffin
asserts that the HCHC physician, Dr. Masewic, examined his knee
in October 2013, and ordered that it be treated only by wrapping
with a tight bandage, which Griffin asserts worsened his pain.

2

When Griffin asked the defendant doctor to aspirate excess joint fluid — a procedure Griffin characterizes as standard, effective, and inexpensive — Dr. Masewic refused to do so, citing a need for prior approval by the Hillsborough County Board of Commissioners. Griffin claims that HCHC Nurse Denise Ryan has delayed his receipt of adequate treatment, and deemed Griffin's decision to loosen the over-tight bandage as evidence of noncompliance with prescribed treatment.  Griffin alleges that defendants have not provided any follow-up diagnostic procedures or treatment for Griffin's knee since October 2013, which has caused him to suffer from persistent swelling, an increased risk of joint infection, loss of function, and permanent joint damage, in his knee.

Griffin further alleges that Ryan and HCHC Superintendent David Dionne told Griffin that his health and pain complaints could not be treated until the HCHC received records from outside providers to substantiate that Griffin has a history of kidney stones and knee problems.  Griffin alleges that the HCHC has not been diligent in obtaining his past medical records, and he further alleges that such records were in his HCHC file on January 16, 2014, when his most recent attack was treated only with ineffective pain relievers that he could not hold down.  He characterizes the missing records rationale as elevating a

clerical concern over proper patient-specific treatment
considerations for serious health problems.

## Claims

Griffin asserts the following claims in this action:

1.    Defendants violated Griffin's right to humane
conditions of pretrial confinement, under the
Fourteenth Amendment Due Process Clause, in that, with
deliberate indifference to Griffin's serious medical
needs, defendants:

> A.   interfered with medical decision-making and/or
> interposed non-medical reasons, including an
> interest in cost-savings, for delaying or denying
> care for Griffin's swollen knee and kidney stones,
> by invoking –
>
> > (i)   the policy of requiring inmate health
> > and pain complaints to be substantiated by
> > outside medical records before treatment is
> > provided; and
> >
> > (ii)  the policy of requiring prior approval
> > by the Hillsborough County Board of
> > Commissioners before an inexpensive,
> > effective diagnostic and treatment procedure
> > would be provided for Griffin's knee;
>
> B.   failed diligently to acquire Griffin's medical
> records from outside providers, thereby delaying
> Griffin's receipt of care for his knee and kidney
> stones;
>
> C.   refused to allow Griffin to see outside care
> providers, thereby delaying or denying Griffin
> care for his knee and kidney stones;
>
> D.   used cursory sick call procedures and nurse
> visits when Griffin complained of health and pain
> problems, thereby delaying his receipt of care for
> his knee and kidney stones;

   E.  responded perfunctorily to Griffin's grievance
   about the lack of treatment for his knee since
   October 2013, thereby delaying or denying
   Griffin's receipt of care for his knee problem;

   F.  delayed or denied adequate treatment for
   Griffin's recurrent kidney stone attacks; and

   G.  delayed or denied adequate diagnostic or
   treatment procedures for Griffin's swollen right
   knee.

2.  Defendants are liable for medical malpractice
under state law, based on the same allegations giving
rise to Griffin's federal inadequate medical care
claims.

## Discussion

I.   Preliminary Review Standard

The court undertakes a preliminary review of Griffin's

complaint, pursuant to 28 U.S.C. § 1915A, to determine whether

the action may proceed.  In determining whether a pro se

complaint states a claim, the court construes the complaint

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Disregarding any legal conclusions, the court considers whether

the factual content in the complaint and inferences reasonably

drawn therefrom, taken as true, state a facially plausible claim

to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st

Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

II.   <u>Federal Claims</u>

     A.   <u>Fourteenth Amendment Medical Care Claim</u>

"[T]he standard applied under the Fourteenth Amendment [governing the claims of pretrial detainees]," concerning inadequate medical care, "is the same as the Eighth Amendment standard [governing the claims of convicted inmates]." <u>Leavitt v. Corr. Med. Servs., Inc.</u>, 645 F.3d 484, 497 n.21 (1st Cir. 2011) (internal quotation marks and citation omitted).   In order to state such a claim, an inmate must allege that defendants have committed "acts or omissions . . . sufficiently harmful to evidence deliberate indifference to serious medical needs." <u>Id.</u> at 497.   To act, or fail to act, with deliberate indifference, "'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" <u>Id.</u> (quoting <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994)).   The facts alleged in the complaint as to defendant Dr. Masewic warrants service of the Fourteenth Amendment inadequate medical care claim, relating to Griffin's knee and kidney stones.   Accordingly, the court directs service of those claims as to that defendant in his individual capacity.

B.    <u>Supervisory Liability</u>

To state a plausible claim of liability under 42 U.S.C. § 1983, with respect to Nurse Ryan and Superintendent Dionne in their supervisory capacities, Griffin must allege facts to show that each supervisory official's own acts or omissions constituted "'supervisory encouragement, condonation or acquiescence[,] or gross negligence . . . amounting to deliberate indifference'" to his constitutional rights.  <u>Grajales v. P.R. Ports Auth.</u>, 682 F.3d 40, 47 (1st Cir. 2012) (citation omitted). The facts alleged in the complaint as to those defendants warrant service of the Fourteenth Amendment inadequate medical care claims, relating to Griffin's knee and kidney stones.


C.    <u>Municipal Liability</u>

"[A] plaintiff who brings a section 1983 action against a municipality bears the burden of showing that, through its deliberate conduct, the municipality was the moving force behind the injury alleged.  Such a plaintiff must identify a municipal policy or custom that caused the plaintiff's injury."  <u>Haley v. City of Boston</u>, 657 F.3d 39, 51 (1st Cir. 2011) (citations, emphasis, and internal quotation marks omitted).  The facts alleged by Griffin as to the policies interposed by defendants to delay or deny treatment of Griffin's knee and kidney stones warrant service of his claims against Hillsborough County, and

7

Dr. Masewic, Nurse Ryan, and Superintendent Dionne, all in their official capacities.


III.  Medical Malpractice

This court has supplemental jurisdiction over the state law claims that arise out of the same case or controversy as the section 1983 claims.  See 28 U.S.C. § 1367.  Under state law, a plaintiff states a viable claim of medical malpractice in alleging that he suffered injuries proximately caused by a doctor or nurse's failure to provide care consistent with the standard of reasonable professional practice at the time the care was rendered.  See Beckles v. Madden, 160 N.H. 118, 124, 993 A.2d 209, 214 (2010) (citing N.H. Rev. Stat. Ann. 507-E:2). Taking as true all facts alleged in the complaint and the reasonable inferences drawn therefrom, the court finds that Griffin has stated sufficient allegations of medical malpractice to warrant service of that claim upon Nurse Ryan and Dr. Masewic, and their employer, Hillsborough County, with respect to the delay or denial of adequate treatment for his kidney stone attacks and persistent swollen knee.


IV.  Omni Health Care Co.

Griffin has named "Omni Health Care Co." as a defendant but has failed to allege any facts establishing a basis upon which it

may be held liable on any claim in this case.  The complaint and complaint addenda (doc. nos. 1, 11 and 13) thus fail to state any plausible claim for relief against that defendant.

V.   <u>Service</u>

The clerk's office shall issue the summonses in the record for Superintendent David Dionne, Dr. Matthew Masewic, and Nurse Denise Ryan, using the HCHC's address for service, and the clerk's office shall also complete and issue a summons for Hillsborough County.  The clerk's office shall forward to the United States Marshal for the District of New Hampshire ("U.S. Marshal's office"): the summonses; the complaint (doc. no. 1); the complaint addenda (doc. nos. 7, 11, and 13); and this order. Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve each individual defendant, pursuant to Fed. R. Civ. P. 4(c)(3) and 4(e), and the county pursuant to Fed. R. Civ. P. 4(j).

**Conclusion**

For the foregoing reasons, the court issues the following order:

1.   The complaint shall be served against Hillsborough County and Defendants Superintendent Dionne, Nurse Ryan, and

Dr. Masewic, in their individual and official capacities, in accordance with this order.

2.    All claims against Omni Health Care Co. will be dismissed, and that defendant will be dropped from this lawsuit, unless Griffin, within the time allowed for filing an amended complaint in this lawsuit, alleges facts to state a plausible claim for relief against Omni Health Care Co., arising out of the same case or controversy as the remaining claims in this lawsuit.

3.    The remaining defendants, Hillsborough County, Superintendent Dionne, Nurse Ryan, and Dr. Masewic, shall answer or otherwise plead within twenty-one days of service. See Fed. R. Civ. P. 12(a)(1)(A).

4.    No later than the date on which Defendant Superintendent Dionne files his response to the complaint, defendants shall serve upon Griffin a complete copy of Griffin's HCHC medical file, including all medical records obtained from outside providers.

5.    Defendants may file an objection to Griffin's request for preliminary injunctive relief, set forth in the complaint (doc. no. 1) and in the complaint addendum (doc. no. 13), within thirty days of the date of this order. Along with any such objection, defendants shall file:

a.    An affidavit indicating the date on which HCHC requested and received medical records, if any, from outside providers, relating to Griffin's kidney stone and swollen right knee complaints;

b.    Affidavits of responsible HCHC health care providers, detailing the steps taken to diagnose and treat Griffin's knee and kidney stone complaints; and

c.    Affidavits of responsible HCHC officials and health care providers detailing — (i) the care Griffin is currently receiving for his kidney stone complaints and knee problems; and (ii) the plan, if any, for further diagnostic procedures or treatment to be implemented at or upon the direction of the HCHC, to address those issues, specifying the time frame during which such procedures or treatment will be provided.

6.    Griffin may file a reply to defendants' objection within fourteen days from the date of service of that objection, addressing only those issues raised in defendants' objection, affidavits, and exhibits, and citing, where appropriate, documents from Griffin's medical records.

7.    The court will determine whether to schedule a hearing on Griffin's request for preliminary injunctive relief upon receipt of the parties' submissions.

11

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

January 30, 2014

cc:  John R. Griffin, Jr., pro se