UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

    v.                                Case No. 13-cv-539-SM
                                           Opinion No. 2015 DNH 068

Hillsborough County Department
of Corrections Superintendent
David Dionne, Denise Ryan,
Hillsborough County, Dr. Matthew
Masewic, and Omni Health Care Co.


**O R D E R**

Before the court for consideration and ruling are:

• Plaintiff John Griffin's "Motion to Intervene in the manner in which Court Order from 12/8/2014 is acted upon" (doc. no. 109) ("motion for direct telephone access"); and

• Griffin's "Motion for constitutional challenge of the requirement for medical expert and provisions of NH RSA 507-E:2" (doc. no. 103) ("motion for constitutional challenge").


I.   Motion for Direct Telephone Access (Doc. No. 109)

Griffin, an inmate currently housed at the Carroll County Department of Corrections ("CCDC"), moves to be allowed access to a "normal Direct land line phone" in order to contact potential medical expert witnesses. Mot. for Access (doc. no. 109) at 1. Griffin states that he has been allowed to use the CCDC "Securas" third party phone system to make phone calls. Id. He argues, however, that the Securas system is inadequate because every phone call plays the following recording at the beginning of each

call: "This is a prepaid call from an inmate in (Carrol Co. jail)." Id. Griffin contends that because of this recording, no legal or medical office has accepted any of his telephone calls.

A pretrial detainee "does not have an unfettered right to use a prison phone on his own terms"; the institution may impose limitations that are reasonable in relation to its legitimate security interests. Collins v. Kennebec Cnty. Jail, No. 1:12-cv-69-GZS, 2012 WL 987328, at *3, 2012 U.S. Dist. LEXIS 38714, at *9 (D. Me. Mar. 21, 2012), report and recommendation approved, No. 1:12-cv-69-GZS, 2012 U.S. Dist. LEXIS 67680 (D. Me. May 15, 2012); see also Levesque v. New Hampshire, No. 09-cv-248-JD, 2010 WL 2367346, at *37, 2010 U.S. Dist. LEXIS 57249, at *108-*109 (D.N.H. May 12, 2010), report and recommendation approved, No. 09-cv-248-JD, 2010 U.S. Dist. LEXIS 57278, 2010 WL 2367231 (D.N.H. June 9, 2010). Cf. United States v. Amen, 831 F.2d 373, 380 (2d Cir. 1987) (monitoring inmate phone conversations is "reasonable . . . particularly where they are told that the conversations are being monitored," and does not violate Fourth Amendment).

The outgoing, pre-recorded message, at issue, is rationally related to the CCDC's legitimate interest in avoiding an inmate's use of the phone system to engage in fraud. Griffin has not demonstrated that the CCDC's insertion of a notice regarding the source of the call is excessive relative to that interest. Nor

2

does he contend that he was denied other means of contacting
potential experts, such as contacting them by mail.

The restriction on Griffin's phone use is reasonably related
to a legitimate institutional interest, is not excessive relative
to that interest, and does not impose any undue or unfair burden
on Griffin, with respect to his ability to meet the expert
discovery deadlines in this case.  Accordingly, the motion for
direct telephone access (doc. no. 109) is denied.


II.  <u>Motion for Constitutional Challenge (Doc. No. 103)</u>

Griffin makes three arguments in his motion for
constitutional challenge (doc. no. 103): (i) the provision of RSA
507-E:2 requiring an expert in a state law medical negligence
claim violates the separation of powers principle in the New
Hampshire constitution; (ii) to the extent expert testimony is
required for any of his claims, he should be allowed to offer
expert testimony himself; and (iii) he does not need an expert to
support any of his claims because existing medical records,
discovery responses, and other evidence in the record are
sufficient to make his case.

A.  <u>RSA 507-E:2</u>

Under New Hampshire law, a negligence action based upon a
claim of medical malpractice is governed by RSA 507-E.  RSA 507-
E:2 provides in pertinent part: "In any action for medical

3

injury, the plaintiff shall have the burden of proving by affirmative evidence which must include expert testimony of a competent witness or witnesses" that a doctor's negligence proximately caused the plaintiff's injury.  Thus, "[i]n medical malpractice cases, expert testimony is required to establish proximate cause."  <u>Beckles v. Madden</u>, 160 N.H. 118, 125, 993 A.2d 209, 214 (2010); <u>see also Smith v. HCA Health Servs. of N.H.</u>, 159 N.H. 158, 161, 977 A.2d 534, 538 (2009) ("RSA 507-E:2 explicitly states that plaintiffs <u>must</u> include expert testimony to meet their burden of proof." (internal quotation marks and citation omitted) (emphasis in original)).  "This requirement 'serves to preclude the jury from engaging in idle speculation.'"  <u>Beckles</u>, 160 N.H. at 125, 993 A.2d at 214 (citation omitted).

Griffin argues that courts are vested with discretion to determine whether an expert is essential to prosecute a claim. He contends that RSA 507-E:2 usurps that judicial authority and violates the separation of powers provision of Part 1, Article 37 of the New Hampshire Constitution, which provides:

> In the government of this state, the three essential powers thereof, to wit, the legislative, executive, and judicial, ought to be kept as separate from, and independent of, each other, as the nature of a free government will admit, or as is consistent with that chain of connection that binds the whole fabric of the constitution in one indissoluble bond of union and amity.

N.H. CONST. pt. I, art. 37.

"Article 37 is violated only when one branch usurps an essential power of another." State v. Carter, 106 A.3d 1165, 1168, 2014 N.H. LEXIS 140 (2014) (internal quotation marks and citation omitted). "For this to occur, the offending branch must act to 'defeat or materially impair the inherent functions' of another branch." Id. (quoting State v. Merrill, 160 N.H. 467, 472, 999 A.2d 221, 225 (2010)).

Rule 507-E:2 is, in pertinent part, an evidentiary requirement in actions for medical injury. See Smith, 159 N.H. at 161, 977 A.2d at 538 ("The legislature enacted [RSA 507-E:2] to contain the costs associated with medical malpractice suits by elevating the evidentiary burden on plaintiffs."). Both the legislature and the judiciary share authority to devise evidentiary rules and regulate court procedure, through statutes and court rules, respectively. See Carter, 106 A.3d at 1169-70; see also In re S.N.H. Med. Ctr., 164 N.H. at 329-31, 55 A.3d at 997-98. The state constitution's separation of powers clause is not violated merely because the legislature acts in an area in which the judiciary may act as well. Accordingly, Griffin's state constitutional challenge to RSA 507-E:2 is without merit. Therefore, to the extent Griffin's motion seeks to avoid application of RSA 507-E:2 to this case, the motion (doc. no. 103) is denied.

B.  <u>Griffin as an Expert</u>

Griffin states in his motion: "As a licensed Radiologic technologist I've assisted in hundreds of surgeries, including kidney stone and orthopedic surgeries with both radiographic and fluoroscopic imaging devices."  Mot. for Const. Challenge (doc. no. 103) at 5.  He adds, "Thus, I should be able to properly explain to a jury the mechanisms of knee injury due to Rt. Knee effusion x 6 months and answer questions concerning kidney stones and imaging diagnostics the jury may have."  <u>Id.</u> at 6.

Griffin appears to contend that he is qualified to offer expert medical opinion testimony with regard to the causes and proper treatment of medical conditions.  That is a contention not likely to succeed based on the minimal qualifications claimed. But, Griffin has not designated himself as a medical expert capable of offering competent and relevant opinion testimony, nor has he submitted an expert report.  <u>See</u> Fed. R. Civ. P. 26(a)(2); <u>see also</u> Fed. R. Evid. 702.  The deadline for doing so, if he so chooses, has been extended.  Therefore, to the extent Griffin's motion seeks an advisory opinion regarding whether he is qualified to offer expert opinion evidence, the motion is denied as premature.[1]

---

[1]   Courts are generally reticent to allow a party like Griffin to act as his own expert because it may mislead or confuse the jury.  <u>See</u> <u>Vanbrocklen v. Gupta</u>, No. 09-CV-897(A)(M), 2011 WL 2746784, at *2, 2011 U.S. Dist. LEXIS 75329, at *4 (W.D.N.Y. July 13, 2011); <u>Liaosheng Zhang v. Honeywell Int'l, Inc.</u>, No. CV-06-

C.   <u>Necessity of Expert Testimony</u>

Griffin argues that he does not need an expert to prove his claims.  As discussed above, RSA 507-E:2 requires expert testimony for Griffin's state law medical negligence claim.  In some cases,[2] expert testimony may not be necessary for an inmate to establish that his rights under the federal constitution have been violated by prison officials' deliberate indifference to a serious medical need.  Whether Griffin can avoid summary judgment without an expert under the circumstances presented in this case (which is doubtful) remains to be seen.  Griffin has obtained additional time to designate an expert and to make expert disclosures.  Defendants have moved for summary judgment on all of Griffin's claims, citing grounds including his failure to

---

1181-PHX-MHM, 2008 WL 2699398, at *1, 2008 U.S. Dist. LEXIS 50182, at *3 (D. Ariz. June 27, 2008); <u>Kranis v. Scott</u>, 178 F. Supp. 2d 330, 333-34 (E.D.N.Y. 2002).

[2]     <u>Compare, e.g.</u> <u>Meeks v. Allison</u>, 290 Fed. App'x 4, 5 (9th Cir. 2008) (no need for expert when parties agreed as to proper course of treatment for plaintiff's medical needs) <u>with, e.g.</u>, <u>Brown v. Englander</u>, No. 10-cv-257-SM, 2012 DNH 95, 2012 WL 1986518, 2012 U.S. Dist. LEXIS 76176, at *9, *13 (D.N.H. June 1, 2012) (qualified expert needed to testify: (1) whether surgery was medically necessary, for purpose of establishing that refusal to arrange for surgery amounts to deliberate indifference; and (2) whether "better or more effective treatments were available" to alleviate pain, for purpose of showing unnecessary and wanton infliction of pain); <u>Boudreau v. Englander</u>, No. 09-CV-247-SM, 2010 DNH 88, 2010 WL 2108219, 2010 U.S. Dist. LEXIS 51809, at *11 (D.N.H. May 24, 2010) (given "lack of expert medical testimony supportive of [plaintiff's] view that the care he received was substandard, [plaintiff] cannot, as a matter of law, carry his burden of proof" on retaliation claim).

disclose an expert, to date.  Should Griffin not disclose a medical expert by the new deadline for disclosures, then disposition of the pending motion for summary judgment on all of Griffin's claims will necessarily be premised on the absence of expert medical testimony.

### Conclusion

For the foregoing reasons, Griffin's motion for a constitutional challenge (doc. no. 103) and motion for direct telephone access (doc. no. 109) are denied.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

March 30, 2015

cc:  John R. Griffin, Jr., pro se
     John A. Curran, Esq.
     Sarah S. Murdough, Esq.