UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.,
    Plaintiff

    v.                                       Case No. 13-cv-539-SM
                                            Opinion No. 2015 DNH 130
Hillsborough County Department of
Corrections, et al.,
    Defendants

**O R D E R**

Pro se plaintiff, John Griffin, claims that while he was held in the Hillsborough County House of Corrections ("HCHOC") as a pre-trial detainee, defendants denied him constitutionally adequate medical treatment for a recurrent kidney stone and persistent swelling and pain in his right knee. He also alleges that defendants are liable for medical malpractice under state law. And, finally, Griffin asserts that one of his treating physicians retaliated against him by deliberately providing sub-standard medical care, in violation of his First Amendment rights.

Pending before the court are Griffin's objection to the Report and Recommendation (document no. 170), in which the Magistrate Judge recommended that the court grant defendants' motions for summary judgment. Also pending are Griffin's Motion for Federal Judicial Review of [His] Objection to Defendants'

Motions for Summary Judgment, as well as his motion for Court-Appointed Expert Witness and his Objection to the Magistrate Judge's Decision denying Griffin's request to appear as his own medical expert.

## Discussion

I. The Report and Recommendation.

Although defendants moved for summary judgment on several grounds, the Magistrate Judge based her recommended disposition largely on only one: the fact that Griffin failed to disclose a medical expert witness. Griffin was long aware of his need for an expert witness and, in fact, was granted two extensions of time within which to make that disclosure. Moreover, the Magistrate Judge ordered the HCHOC to assist Griffin in his efforts to secure an expert by filing a "notice, noting whether a printed directory, commercial yellow pages, or other similar publication, listing the addresses of health care providers in New Hampshire, may be available to Griffin." Order dated December 8, 2014 (document no. 104). HCHOC complied with that directive. See Notice of Compliance (document no. 105).[1]

---

[1] By the time the Magistrate Judge directed HCHOC to assist Griffin in securing an expert witness, he had been transferred to the Carroll County House of Corrections (due to threats he had directed against one of the defendants, a health care professional). Nevertheless, defendants confirmed that officials at that facility would provide Griffin with the requested directories, as well as phone access so he might

Nevertheless, Griffin failed to disclose an expert witness. And, his challenge to the state-imposed requirement that he support his claims with expert medical testimony proved unsuccessful, as did his attempt to act as his own medical expert. See Order dated March 30, 2015 (document no. 142). See also Order dated May 20, 2015 (document no. 165).

The substance of the Magistrate Judge's thorough and thoughtful opinion need not be recounted. It is sufficient to note that she recognized that each of Griffin's claims - medical malpractice, deliberate indifference to serious medical needs, and retaliation (in the form of deliberately providing sub-standard medical care) - turns upon proof that defendants were, at least, negligent in providing his medical care. It is well-established that, in circumstances such as those presented by Griffin, expert medical opinion testimony is essential; without it, his claims cannot proceed.[2]

Absent testimony from a medical expert, Griffin's state law malpractice claim is foreclosed by New Hampshire law, which

---

contact potential medical experts.

[2] There will, of course, be circumstances in which the medical care provided is so plainly shocking or so plainly intended to unnecessarily inflict pain, as to not require expert medical opinion evidence with respect to a "deliberate indifference" constitutional tort claim, but this is not such a case.

provides that, "In any action for medical injury, the plaintiff shall have the burden of proving by affirmative evidence which <u>must include expert testimony of a competent witness</u> or witnesses" three essential elements: (1) the standard of reasonable care; (2) defendant's breach of that standard; and (3) proximate causation. N.H. Rev. Stat. Ann. ("RSA") 507-E:2 (emphasis supplied). <u>See, e.g.</u>, <u>Smith v. HCA Health Services of N.H.</u>, 159 N.H. 158, 163 (N.H. 2009)("The plaintiffs' claims are actions for medical injury that require expert testimony, and the trial court properly exercised its discretion in ruling that the plaintiffs did not proffer an expert qualified to testify as to all of the required elements of the plaintiffs' case. Therefore, the plaintiffs would be unable to meet their burden of proof at trial, and the defendant is entitled to judgment as a matter of law."). <u>See also</u> <u>Goudreault v. Kleeman</u>, 158 N.H. 236, 245 (2009) ("Expert witness testimony is required to establish a <u>prima facie</u> medical negligence case.") (citing RSA 507-E:2).

Griffin's First Amendment retaliation claim is similarly precluded by the lack of expert medical witness testimony, since an essential element of that claim requires proof that he received substandard medical care. <u>See, e.g.</u>, <u>Boudreau v. Englander</u>, 2010 WL 2108219 at *4, 2010 DNH 088 (May 24, 2010) ("Given the lack of expert medical testimony supportive of

[plaintiff's] view that the care he received was substandard, he cannot, as a matter of law, carry his burden of proof with regard to the second element [of his First Amendment retaliation claim]. And, even if the care [plaintiff] received could be viewed as 'adverse,' there is no evidence in the record to support even the inference that defendants engaged in such conduct in order to retaliate against [plaintiff] for having exercised his constitutional rights.") (citation omitted). So it is in this case.

Finally, as to his Fourteenth Amendment deliberate indifference claim, Griffin bears an even higher burden. As this court has previously observed:

> [I]t is well-established that [a constitutional] medical mistreatment claim cannot be premised on a theory of simple negligence or even a clear case of medical malpractice. Rather, to constitute a violation of the [Constitution], a medical care provider's conduct must go well beyond negligence in diagnosing or treating a prisoner's medical condition. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Similarly, a constitutional violation does not occur merely because a prisoner disagrees with a medical professional's decisions regarding the proper course of medical treatment. See, e.g., Ruiz-Rosa v. Rullan, 485 F.3d 150, 156 (1st Cir. 2007) ("[S]ubstandard care, malpractice, negligence, inadvertent failure to provide care, and disagreement as to the appropriate course of treatment are all insufficient to prove a constitutional violation."); Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993) ("The courts have consistently refused to create constitutional claims out of disagreements between prisoners and doctors about the proper course of a prisoner's medical treatment, or to

> conclude that simple medical malpractice rises to the
> level of cruel and unusual punishment.").
>
> Instead, to violate the [Constitution], the "care
> provided must have been so inadequate as to shock the
> conscience," Feeney v. Corr. Med. Servs., 464 F.3d 158,
> 162 (1st Cir. 2006) (citations and internal punctuation
> omitted), or it must have "constitute[d] an unnecessary
> and wanton infliction of pain or [been] repugnant to
> the conscience of mankind," Estelle, 429 U.S. at 105-06
> (citations and internal punctuation omitted).

Brown v. Englander, 2012 WL 1986518, at *2-3, 2012 DNH 095 (D.N.H. June 1, 2012).  The medical treatment provided to Griffin appears to have been fairly standard, and certainly was not so obviously outrageous or malicious that a lay trier-of-fact could reasonably conclude that it violated Griffin's constitutionally protected rights.  Consequently, he was required to provide expert medical testimony to support his claim.  He failed to do so and the Magistrate Judge properly recommended that the court grant defendants' motions for summary judgment.

II.  Motion for Court-Appointed Expert.

Invoking the provisions of Rule 706 of the Federal Rules of Evidence, Griffin moves the court to enlist the services of a court-appointed medical expert.  That motion is denied.  Griffin has failed to demonstrate that this case involves either extraordinary or compelling circumstances sufficient to warrant such relief.  See generally Tangwell v. Robb, 2003 WL 23142190 at

6

*4 (E.D. Mich. Dec. 23, 2003) (observing that "a recent survey of trial judges conducted through the Federal Judicial Center revealed that use of court-appointed experts under Rule 706 is relatively infrequent and that most judges 'view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances,'" and noting that appointment of such an expert is typically warranted "only in compelling circumstances.") (citations omitted).

The Tangwell court went on to conclude that appointment of a medical expert under Rule 706 to assist a pro se plaintiff was, under the circumstances presented, inappropriate:

> [T]he plaintiff must present testimony on the standards of legal malpractice from an expert witness to establish his prima facie case of legal malpractice against the defendants. The plaintiff's failure to secure an expert witness, after being given repeated opportunities by the Court to find such a witness, demonstrates that the plaintiff is unable to prove his case. Moreover, the Court finds that the plaintiff's circumstances are not so "compelling" as to require the Court to appoint an expert on the plaintiff's behalf. Indeed, the appointment of an expert witness for the plaintiff in this case under Rule 706 would be tantamount to the Court assisting the plaintiff in proving his case against the defendants. Rule 706 was not designed to provide such relief to a litigant.

Id., at *4 (citations omitted). More recently, in a case presenting substantially similar facts to those in this case, the United States District Court for the District of Rhode Island

7

denied a pro se prisoner's request for the appointment of a medical expert under Rule 706, finding that the plaintiff failed to demonstrate that his was one of the rare and exceptional cases warranting such relief, and concluding that appointment of an expert to assist plaintiff in proving his case was not appropriate under Rule 706. Paiva v. Bansal, 2011 WL 1595425 (D.R.I. April 27, 2011). See also Swan v. United States, 738 F. Supp. 2d 203 (D. Mass. 2010). See generally Womack v. GEO Group, Inc., 2013 WL 2422691, at *2 (D. Ariz. June 3, 2013) (collecting cases that stand for the proposition that Rule 706 "[o]nly allows a court to appoint a neutral expert," and it "does not contemplate the appointment of, and compensation for, an expert to aid one of the parties," but rather that "the principal purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate" for one of the parties).[3]

As defendants point out, Griffin has had more than 18 months to secure the services of a medical expert. The fact that he has been unable to get suitable experts to return his calls or offer their services, does not justify the relief he currently seeks. See generally, Stones v. McDonald, 7 F. Supp. 3d 422, 431-32 (D. Del. 2014) ("Thus, a trial judge does not abuse his or her

---

[3] Parenthetically, the court notes that the Paiva court also concluded that 28 U.S.C. § 1915 "does not authorize a court to pay for an expert witness on behalf of an indigent party." 2011 WL 1595425 at *2.

discretion in declining to appoint an independent expert if it determines that the expert is solely to benefit a party who has otherwise failed to gather such evidence as would suffice to prove his claims.") (citation and internal punctuation omitted).

### Conclusion

After due consideration of the objection filed, see 28 U.S.C. § 636(b)(1), the court herewith approves and adopts the Report and Recommendation of Magistrate Judge Andrea K. Johnstone dated May 28, 2015 (document no. 170). Defendants' motions for summary judgment (document nos. 120 and 133) are, therefore, granted.

To the extent Griffin's "Motion for Federal Judicial Review of [His] Objection to Defendants' Motions for Summary Judgment" (document no. 164) asks the court to give appropriate consideration to his objection, it is granted. In all other respects, it is denied.

Griffin's Motion for Court-Appointed Expert (document no. 168) is, for the reasons discussed, as well as those set forth in defendants' memorandum (document no. 171-1), denied.

Finally, the court has considered Griffin's "Objection to Magistrate's Decision" (document no. 169). In it, Griffin takes issue with the Magistrate Judge's denial of his request to appear as his own expert witness. But, he has failed to demonstrate that any part of that order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Accordingly, the relief he seeks is denied.

The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 30, 2015

cc: John R. Griffin, Jr., pro se
John A. Curran, Esq.
Sarah S. Murdough, Esq.