# United States Court of Appeals
## For the First Circuit

_____

No. 15-1895

JOHN R. GRIFFIN, JR.,

Plaintiff, Appellant,

v.

DAVID DIONNE, Superintendent, Hillsborough County Department of Corrections;
DR. MATTHEW MASEWIC; DENISE RYAN, Health Services Administrator,
Hillsborough County DOC; HILLSBOROUGH COUNTY,

Defendants, Appellees,

OMNI HEALTH CARE COMPANY,

Defendant.

_____

Before

Howard, Chief Judge,
Lynch and Thompson, Circuit Judges.

_____

**JUDGMENT**

Entered: May 3, 2016

After a thorough review of the record and of the parties' submissions, we allow the appellees' motions for summary disposition, and we affirm. The appellant, John R. Griffin, Jr. ("Griffin"), did not argue in the district court that either N.H. Rev. Stat. Ann. § 507-E:2 or Fed. R. Evid. 702 were unconstitutionally vague, so the argument is waived. See Garayalde-Rijos v. Municipality of Carolina, 799 F.3d 45, 48 (1st Cir. 2015). Even if the vagueness argument had not been waived, Griffin provides no authority for his suggestion that the provisions are unconstitutionally vague. Cf. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993) (observing that Fed. R. Evid. 702 serves the important function of ensuring that "all scientific testimony or evidence admitted is not only relevant, but reliable). Furthermore, it is well-established that the district courts do not have unbridled discretion to determine whether a witness should be qualified as an expert. See, e.g., Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co., 161 F.3d 77, 83-88 (1st Cir. 1998). Griffin also appears to suggest that section 507-

E:2 is unconstitutional because it creates a class of plaintiffs -- indigent pro se plaintiffs -- who are, as a practical matter, barred from obtaining redress for their injuries because they are unable to pay for the services of an expert witness; but there is no authority to support this view.  Cf. Cookish v. Cunningham, 787 F.2d 1, 5 (1st Cir. 1986).

To the extent that Griffin is now arguing that the district court should have allowed him to act as his own expert witness, we see no abuse of discretion.  See Mitchell v. United States, 141 F.3d 8, 15 (1st Cir. 1998).  While it appears that Griffin does have some level of professional experience and knowledge regarding human anatomy and disease, it was not an abuse of discretion for the district court to conclude that he was unqualified to testify regarding whether the physician's conservative treatments were of a quality acceptable within prudent professional standards.  Griffin is not himself a physician, and, therefore, he could not offer expert opinion regarding the professional standards among physicians with respect to the appropriate treatments for kidney stones or knee pain; he certainly could not have testified with respect to whether (and to what extent) there were a range of acceptable treatments for these ailments.  See Kosilek v. Spencer, 774 F.3d 63, 82 (1st Cir. 2014) (prison officials are not constitutionally obligated "to provide care that is ideal"); Francoeur v. Piper, 146 N.H. 525, 529, 776 A.2d 1270, 1274 (2001) (where plaintiff has alleged lack of due care amounting to medical negligence, "[d]ue care [] may permit a doctor to exercise judgment in choosing among several courses of treatment").  Griffin could not have proceeded without an expert.  Cf. Estelle v. Gamble, 429 U.S. 97, 107 (1976).

Affirmed.  See 1st Cir. R. 27.0(c).

By the Court:

/s/ Margaret Carter, Clerk

cc:
John Griffin, Jr.
John Curran
Sarah Murdough